UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD COVEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:03CV1686 RWS |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case was originally filed in the Circuit Court of St. Louis, Missouri on October 20, 2003. It was removed to this Court on November 21, 2003. Plaintiffs continued to serve several Defendants throughout the first half of 2004 and a case management order was ultimately entered on September 16, 2004. During this period a multidistrict litigation case was established for silica lawsuits filed throughout the United States. It was anticipated that this case would be transferred to the silica MDL court. The case was transferred, on January 19, 2005, to the United States District Court for the Southern District of Texas for consolidation in the multidistrict litigation case styled: In re Silica Products Liability Litigation, MDL 1553.

Before this case was transferred to the MDL court in Texas, I granted Defendant Union Pacific's motion to dismiss and I denied motions to dismiss by Defendants Safety Appliances Company, K. T. Feldspar Corp., and Kentucky-Tennessee Clay Co. Little if any discovery took place before this case was transferred to the MDL court.

On February 6, 2006, the case was remanded back to this Court by the MDL court based on the MDL judge's finding of irregularity with the claims in the consolidated cases. Very little if any discovery occurred in this matter while it was consolidated in the MDL court.

On February 22, 2006, I held an amended Rule 16 scheduling conference and discovered

that this case is essentially starting from square one. At the scheduling conference I learned for the first time that the plaintiffs' claims arise from their employment at the same manufacturing plant located in the Western District of Missouri.[1] The plaintiffs were allegedly exposed to silica in the course of their employment. I also learned that the office of the physician who diagnosed the plaintiffs' conditions is located in Kansas City, Missouri. Although the record is silent on the issue, it appears from the representations made at the scheduling conference that the all of the plaintiffs reside in the Western District of Missouri. Although all of the incidents that gave rise to this litigation occurred in the Western District of Missouri the case was filed by plaintiffs' counsel in the Circuit Court of the City of St. Louis, presumably seen as a favorable venue for plaintiffs' claims.

I believe that in the interest of justice and for the convenience of the parties, this case should be transferred under 28 U.S.C. § 1412 to the United States District Court for the Western District of Missouri. This is the district where the claims arose and where the plaintiffs and witnesses reside. I asked the parties to address the issue of whether the case should be transferred to the Western District. All of the parties stated there was no reason why the case should not be transferred. Because this case is essentially starting from the beginning there is not be any prejudice to any party based on the transfer.

Accordingly,

**IT IS HEREBY ORDERED that** Clerk of Court shall transfer this action to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. 1412.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2006.

---

[1] The Complaint makes only a general assertion that the plaintiffs "were employed by various industries in Missouri...."